# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CITY OF SUNRISE GENERAL ) <br> EMPLOYEES' RETIREMENT PLAN, ) <br> on behalf of itself and all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FLEETCOR TECHNOLOGIES, INC., ) <br> RONALD F. CLARKE, and ERIC R. ) <br> DEY, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 1:17-CV-02207-LMM <br><br> <u>CLASS ACTION</u> |

## **MOTION TO EXTEND DEADLINES, APPOINT LEAD PLAINTIFF, AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

In accordance with Civil Local Rule 7.1 and this Court's Standing Order III(a), Presumptive Lead Plaintiff City of Sunrise General Employees' Retirement Plan ("Sunrise General") respectfully submits this motion to extend its time to file an amended complaint. Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3) ("PSLRA"), Sunrise General also submits that it should be appointed as Lead Plaintiff, and that its selection of counsel should be approved.

## **INTRODUCTION**

This securities fraud class action arises from a scheme perpetrated by FleetCor and its senior executives to fraudulently inflate revenues by improperly overcharging its customers. Over a period of fifteen months, Defendants made a series of misrepresentations to deceive investors regarding FleetCor's business, and the reasons for its apparent success. The disclosures of this misconduct caused the value of FleetCor stock to decline substantially, significantly damaging FleetCor investors and prompting Sunrise General to initiate this action.

Since that time, Sunrise General—through its undersigned counsel—has continued to investigate FleetCor's improper use of fees and surcharges to drive its revenues. Plaintiff's counsel repeatedly communicated to Defendants that the initial complaint filed by Sunrise General would be superseded by an amended pleading.

Such an amendment is both accorded as of right under the Federal Rules of Civil Procedure, and necessary to incorporate the additional evidence of FleetCor's fraudulent scheme developed by Plaintiff's investigation.

Despite the fact that Sunrise General told Defendants in July that the initial complaint would be superseded by an amendment, and told Defendants again on August 15 that Sunrise General intended to amend its complaint, and presented Defendants with Plaintiff's proposed schedule for such amendment, Defendants moved to dismiss the initial complaint that same day. Because Defendants knew that Plaintiff both intended to amend and sought 60 days for that amendment, it appears Defendants' filing was calculated to trigger the 21-day deadline for Plaintiff's amendment under Rule 15 and avoid negotiating a schedule in good faith. *See* Fed. R. Civ. P. 15(a)(1). By choosing to file their motion on August 15, the Defendants set Plaintiff's deadline for amending the complaint on September 5, the day after Labor Day. Sunrise General respectfully seeks to extend that September 5 deadline to October 13, so that it can continue its investigation into Defendants' misconduct and formulate a comprehensive complaint to lay out Defendants' fraudulent scheme.

## PROCEDURAL BACKGROUND

This action is subject to the PSLRA, which provides a specific process that guides the initial stages of the litigation. Under the PSLRA, the plaintiff that files the initial complaint must publish notice to the putative class regarding the pendency of the action. Within 60 days of the publication of that notice, any member of the class may petition the Court to be appointed Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). The Court's selection of a Lead Plaintiff is limited to class members that either file a complaint or file a timely motion within that 60-day period. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), (B)(iii)(I)(aa). As such, the plaintiff that files the initial complaint—here, Sunrise General—will not know for at least 60 days whether it will remain in control of the litigation.

As Plaintiff explained to Defendants in July and as set forth in Sunrise General's prior briefing (Doc. 13), regardless of the entity that is appointed Lead Plaintiff, the universal practice in securities class actions is for the Lead Plaintiff to file an amended complaint, which supersedes the initial complaint. This is why Sunrise General requested that the Court suspend Defendants' time to respond to the complaint until after a Lead Plaintiff is appointed and an operative complaint is filed, as recommended by the Federal Judicial Center. *See* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 31.4, at 546 (2004).

Here, the statutory deadline for Class members to file a motion seeking Lead Plaintiff status was August 14, 2017. *See* Doc. 13 at 2. While Sunrise General continued its investigation during the period preceding that deadline, it was not clear until August 14 whether Sunrise General would remain in control of the litigation. Ultimately, no other Class member sought appointment as Lead Plaintiff, making Sunrise General the presumptive Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). For the reasons discussed below, Sunrise General more than satisfies the Lead Plaintiff requirements of the PSLRA. Plaintiff's counsel promptly confirmed to Defendants on August 15 that Sunrise General intended to file an amended complaint, and proposed a 60-day schedule for that filing. Rather than respond to that proposal, Defendants moved to dismiss the initial complaint, knowing that Sunrise General did not intend to stand on that pleading.

## ARGUMENT

**I.   An Extension Of Time To Amend The Complaint Is In The Interests Of Judicial Efficiency, And The Best Interests Of The Class**

Prior to filing its complaint, Sunrise General initiated an investigation into the claims asserted therein. Sunrise General filed the complaint only after there was a sufficient basis to believe that Defendants had violated the federal securities laws.

But that investigation continued, with the expectation that additional evidence of Defendants' fraudulent scheme would be incorporated into an amended complaint.

Federal Rule of Civil Procedure 15(a)(1) allows a plaintiff to amend its complaint as a matter of course within "21 days after service of a motion under Rule 12(b)." Defendants served their motion to dismiss on August 15, 2017, unilaterally triggering a September 5 deadline for Sunrise General's amended complaint. Sunrise General's request to extend that deadline to October 13 would result in an extension of 38 days.

Granting the requested extension is the most efficient process for the litigation to proceed. It will allow Sunrise General to continue its investigation and file a more fulsome complaint so that the Court will be able to decide Defendants' motion to dismiss on more fully-developed allegations. *See Chau v. Intrepid v. Potash, Inc.*, 2009 WL 902408, at *2 (D. Colo. Apr. 1, 2009) (postponing defendants' motions to dismiss until after the appointment of lead plaintiff and the filing of an amended complaint); *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 2004 WL 524943, at *1, 3 (N.D. Tex. Mar. 17, 2004) (denying as moot defendants' motion to dismiss filed before the court's order appointing lead plaintiff because lead plaintiff was entitled to amend complaint as a matter of course); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 36 (S.D.N.Y. 2012) (explaining that court-

appointed lead plaintiff has responsibility to determine which claims will be asserted in the amended complaint).

Indeed, since Sunrise General filed its initial complaint, its continued investigation has confirmed that FleetCor perpetrated a company-wide scheme to boost its revenue by imposing improper fees on customers. As just one example, *Capitol Forum* and multiple former FleetCor employees contacted by Plaintiff's counsel have described a scheme whereby the Company would simply not open or deposit timely customer payments in order to trigger late fees. Further, as one former management-level employee of FleetCor recounted to *Capitol Forum*, Defendant Ronald Clarke (FleetCor's CEO) was directly involved in efforts to make client communications opaque and misleading in order to generate additional fees.

Granting Sunrise General's requested 38-day extension will not cause any prejudice to Defendants. Defendants have been on notice since at least July 5 (44 days ago) that an amendment would be forthcoming. Discovery has not begun, and in fact remains stayed under the PSLRA. *See* 15 U.S.C. § 78u-4(b)(3)(B). There is no trial date or other case management schedule as the case is in its infancy, so no other deadlines would be impacted by the requested extension. Moreover, Defendants filed their motion to dismiss 35 days after the original deadline, and 62 days after the complaint was filed. That 35-day extension (Defendants in fact

requested a longer extension from the Court) is comparable to the 38-day extension sought by Sunrise General.

Finally, Sunrise General notes that the current deadline unilaterally imposed by Defendants falls on the day after Labor Day, with the 21 days allotted for the drafting of the complaint coinciding with the final weeks of August and a national holiday. Plaintiff's counsel and staff have previously scheduled commitments and vacations during this time, which would be preserved by the requested extension.

As noted, on August 15—hours before Defendants filed their motion—Plaintiff communicated its intention to amend and proposed a schedule of 60 days for that amendment. During that conversation, Defendants' counsel never indicated that a motion to dismiss was fully drafted and on the cusp of being filed. Defendants never responded to Plaintiff's proposed schedule, electing instead to file their motion to dismiss.[1] Accordingly, Plaintiff does not know whether Defendants consent to Plaintiff's proposed schedule for the filing of the amended complaint.

---

[1] The following day, Defendants sent an e-mail responding to other points Plaintiff raised during the August 15 phone conversation, but disregarded Plaintiff's statement that Sunrise General intended to amend the complaint and did not respond to the proposed schedule.

## II. Sunrise General Should Be Appointed Lead Plaintiff, And Its Choice Of Counsel Should Be Approved

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which plaintiff or movant has the "largest financial interest" in the relief sought by the Class in this litigation and whether that entity has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Sunrise General is entitled to appointment as Lead Plaintiff as it fulfills the PSLRA's requirements and, as set forth above, is the only entity eligible for consideration as Lead Plaintiff. Defendants do not oppose the appointment of Sunrise General.[2] Specifically, Sunrise General has a significant financial interest in the relief sought by the Class, having purchased approximately 1,130 shares of FleetCor stock during the Class Period. *See* Doc. No. 1-1 at 3.

---

[2] In the same August 15 conversation when Sunrise General informed Defendants that Sunrise General intended to amend the complaint, Plaintiff also asked whether Defendants opposed the appointment of Sunrise General as Lead Plaintiff and approval of the undersigned as Lead Counsel and Liaison Counsel. Defendants responded on August 16 that they did not oppose the appointment of Sunrise General as Lead Plaintiff, but reserved their rights to oppose any motion filed by Sunrise General for class certification. Defendants provided no response as to whether they consent to the approval of Plaintiff's choice of counsel, or as to the schedule Sunrise General proposed for the filing of the amended complaint.

Sunrise General has also made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. Sunrise General is typical because like all other Class members it: (1) purchased FleetCor stock during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. Sunrise General is adequate because it is an institutional investor that manages almost $180 million in assets, has a significant financial stake in this case, and its interests are perfectly aligned with those of other Class members. *See* Doc. No. 1 ¶¶12, 57-62; Doc. No. 1-1.

Moreover, the appointment of Sunrise General would fulfill an important legislative goal underlying the enactment of the PSLRA: encouraging sophisticated institutions to serve as Lead Plaintiff. *See* H.R. Conf. Rep. No. 104-369, at *34, reprinted in 1995 U.S.C.C.A.N. at 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Plymouth Cnty. Ret. Sys. v. Carter's, Inc.*, 2009 WL 692141, at *1, 3 (N.D. Ga. Mar. 13, 2009) (PSLRA enacted to increase participation of institutional investors in securities class actions).

Sunrise General selected highly qualified counsel to serve as proposed Lead and Liaison counsel to represent the Class. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Sunrise General selected Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz")—one of the preeminent securities class action law firms in the country—to serve as Lead Counsel. *See* Bernstein Litowitz's Firm Biography, Mixson Decl., Ex. A. Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Bernstein Litowitz also secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.) on behalf of the class. In addition, Bernstein Litowitz served as Lead Counsel for the bondholder class in *In re HealthSouth Corp. Securities Litigation*, No. 03-cv-1500 (N.D. Ala.), which resulted in total recoveries for HealthSouth investors of $804.5 million, the largest

recovery in a securities class case in the Eleventh Circuit, including over $230 million for bondholders represented by Bernstein Litowitz.

Sunrise General also selected Bondurant Mixson & Elmore, LLP ("BME")—an elite group of highly-qualified litigators dedicated to winning high-stakes business disputes—to serve as Liaison Counsel for the Class.  *See* Mixson Decl.; *Id.* Exs. B-C.  BME has been counsel of record in over fifty class actions and has recovered hundreds of millions of dollars for plaintiffs in those cases.  For instance, BME served as class counsel in *Abdallah, et al. v. The Coca-Cola Company*, No. 1-98-CV-3679 (N.D. Ga. 1998), a class action race discrimination case that settled for $192.5 million, the largest race discrimination settlement in the United States at that time.  *See* Mixson Decl.  Thus, the Court may be assured that by appointing Sunrise General as Lead Plaintiff, the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For the reasons set forth above, Sunrise General respectfully requests that the Court (1) extend the deadline for Sunrise General to file an amended complaint to October 13, 2017; (2) appoint Sunrise General as Lead Plaintiff; and (3) approve its selection of Lead Counsel and Liaison Counsel to represent the Class.

DATED: August 18, 2017.

/s/ H. Lamar Mixson
H. Lamar Mixson
Georgia Bar No. 514012
mixson@bmelaw.com
Amanda Seals Bersinger
bersinger@bmelaw.com
Georgia Bar No. 502720
**BONDURANT MIXSON & ELMORE, LLP**
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Tel: (404) 881-4100
Fax: (404) 881-4111

*Liaison Counsel for Plaintiff and Proposed Liaison Counsel for the Class*

Avi Josefson (*pro hac vice*)
avi@blbglaw.com
Katherine M. Sinderson
katherinem@blbglaw.com (*pro hac vice application forthcoming*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Plaintiff and Proposed Lead Counsel for the Class*

# RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ H. Lamar Mixson*
H. Lamar Mixson
Georgia Bar No. 514012

Certificate of Compliance

# CERTIFICATE OF SERVICE

I certify that on this day, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Filed August 18, 2017.

*/s/ H. Lamar Mixson*
H. Lamar Mixson
Georgia Bar No. 514012
