**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CITY OF SUNRISE GENERAL EMPLOYEES' RETIREMENT PLAN, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FLEETCOR TECHNOLOGIES, INC., RONALD F. CLARKE, and ERIC R. DEY, <br><br> Defendants. | Civ. A. No. 1:17-cv-02207-LMM |

**REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVE
AND APPOINTMENT OF CLASS COUNSEL**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

I.     PLAINTIFF HAS SUFFICIENTLY ALLEGED ADEQUACY AND
       TYPICALITY UNDER RULE 23(a) ............................................................1

       A.     Defendants' Attacks On Plaintiff's Adequacy Are Baseless ................1

       B.     Arguments Regarding "Unique Defenses" Are Meritless ...................4

II.    PLAINTIFF HAS PROVEN PREDOMINANCE ...........................................8

III.   CONCLUSION ........................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
 568 U.S. 455 (2013) ..................................................................................................11

*Baker v. Seaworld Entm't, Inc.*,
 2017 WL 5885542 (S.D. Cal. Nov. 29, 2017) ......................................................10

*Basic Inc. v. Levinson*,
 485 U.S. 224 (1988) ....................................................................................................5

*Beaver Cty. Ret. Fund v. Tile Shop Holdings, Inc.*,
 2016 WL 4098741 (D. Minn. July 28, 2016) ...................................................7, 11

*In re BP p.l.c. Sec. Litig.*,
 2014 WL 2112823 (S.D. Tex. May 20, 2014), *aff'd sub nom.*
 *Ludlow v. BP, p.l.c.*, 800 F.3d 674 (5th Cir. 2015) ...........................................10

*In re BP p.l.c. Sec. Litig.*,
 2013 WL 6388408 (S.D. Tex. Dec. 6, 2013) ........................................................10

*Brown v. Electrolux Home Prods., Inc.*,
 817 F.3d 1225 (11th Cir. 2016) ................................................................................9

*Burges v. Bancorpsouth, Inc.*,
 2017 WL 2772122 (M.D. Tenn. June 26, 2017) ...................................................4

*Carriuolo v. Gen. Motors Co.*,
 823 F.3d 977 (11th Cir. 2016) ..................................................................................9

*City of Cape Coral Mun. Firefighters Ret. Plan v. Emergent
 Biosolutions, Inc., HQ*,
 322 F. Supp. 3d 676 (D. Md. 2018) ......................................................................11

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie
 Infrastructure Corp.*,
 2019 WL 364570 (S.D.N.Y. Jan. 30, 2019) ..........................................................6

*Comcast Corp. v. Behrend*,
    569 U.S. 27 (2013) ..................................................................................................9

*Cromeans v. Morgan Keegan & Co.*,
    303 F.R.D. 543 (W.D. Mo. 2014) ...........................................................................9

*Erica P. John Fund, Inc. v. Halliburton Co.*,
    563 U.S. 804 (2011) ..............................................................................................11

*Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co.*,
    301 F.R.D. 116 (S.D.N.Y. 2014) ..........................................................................10

*Gross v.GFI Grp., Inc.*,
    310 F. Supp. 3d 384 (S.D.N.Y. 2018) ...................................................................10

*Halliburton Co. v. Erica P. John Fund, Inc*,
    573 U.S. 258 (2014) ................................................................................................5

*In re Heckmann Corp. Sec. Litig.*,
    2013 WL 2456104 (D. Del. June 6, 2013) ..............................................................9

*Howard v. Liquidity Servs. Inc.*,
    322 F.R.D. 103 (D.D.C. 2017) ..........................................................................7, 10

*Kirkpatrick v. J.C. Bradford & Co.*,
    827 F.2d 718 (11th Cir. 1987) .............................................................................1, 2

*In re Kosmos Energy Ltd. Sec. Litig.*,
    299 F.R.D. 133 (N.D. Tex. 2014) ...........................................................................2

*Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions
    Fin. Corp.*,
    762 F.3d 1248 (11th Cir. 2014) ...........................................................................5, 7

*London v. Wal-Mart Stores, Inc.*,
    340 F.3d 1246 (11th Cir. 2003) ...............................................................................4

*Meyer v. Greene*,
    710 F.3d 1189 (11th Cir. 2013) .............................................................................10

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*,
    2013 WL 4778157 (S.D.N.Y. Sept. 6, 2013) ......................................................3

*Neale v. Volvo Cars of N. Am., LLC*,
    794 F.3d 353 (3d Cir. 2015) ......................................................9

*In re Netbank Inc. Sec. Litig.*,
    259 F.R.D. 656 (N.D. Ga. 2017) ......................................................1, 2

*Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*,
    2018 WL 3861840 (N.D. Ohio Aug. 14, 2018)......................................................10

*In re Petrobras Sec. Litig.*,
    312 F.R.D. 354 (S.D.N.Y. 2016) ......................................................7

*Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*,
    2014 WL 7366255 (S.D. Fla. Dec. 24, 2014)......................................................3

*Sanchez-Knutson v. Ford Motor Co.*,
    310 F.R.D. 529 (S.D. Fla. 2015)......................................................11

*In re T2 Med., Inc. S'holder Litig.*,
    1993 WL 594003 (N.D. Ga. Nov. 16, 1993)......................................................6

*In re Theragenics Corp. Sec. Litig.*,
    205 F.R.D. 687 (N.D. Ga. 2002) ......................................................1

*Thorpe v. Walter Inv. Mgmt. Corp.*,
    2016 WL 4006661 (S.D. Fla. Mar. 16, 2016) ......................................................10, 11

*Underwood v. Lampert*,
    2005 WL 8155010 (S.D. Fla. Sept. 9, 2005) ......................................................6

*Veal v. Crown Auto Dealerships, Inc.*,
    236 F.R.D. 572, 578-79 (M.D. Fla. 2006)......................................................3

*Villella v. Chem. & Mining Co. of Chile Inc.*,
    2018 WL 2958361 (S.D.N.Y. June 13, 2018) ......................................................6

*In re Vivendi Universal, S.A. Sec. Litig.*,
    183 F. Supp. 3d 458 (S.D.N.Y. 2016) ......................................................6

*In re Wells Real Estate Inv. Tr., Inc. Sec. Litig.*,
  2009 WL 10688777 (N.D. Ga. Sept. 16, 2009)......................................................2

*Wilson v. LSB Indus., Inc.*,
  2018 WL 3913115 (S.D.N.Y. Aug. 13, 2018)......................................................5

v

As Lead Plaintiff's opening brief (the "Motion") establishes, the record satisfies Rule 23, and certification of the Class is proper.[1] Indeed, Defendants essentially concede that Plaintiff has satisfied nearly all of Rule 23's requirements, including numerosity, commonality, superiority, and adequacy of counsel. Instead, Defendants rehash tired arguments regarding class certification rejected – repeatedly and virtually universally – by courts across the country. Well-established Eleventh Circuit precedent compels certifying the Class.

## I.    PLAINTIFF HAS SUFFICIENTLY ALLEGED ADEQUACY AND TYPICALITY UNDER RULE 23(a)

### A.    Defendants' Attacks On Plaintiff's Adequacy Are Baseless

The test for adequacy asks "whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation and [] whether plaintiffs have interests antagonistic to those of the rest of the class." *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987); *see also In re Netbank Inc. Sec. Litig.* ("*Netbank*"), 259 F.R.D. 656, 666 (N.D. Ga. 2017).[2] Defendants do not

---

[1] Unless otherwise noted herein, all capitalized terms shall have the same meaning as ascribed to them in the Motion. ECF No. 68-1. References to "D.Br." are to Defendants' brief in opposition to class certification. ECF No. 80. Unless otherwise noted herein, all emphasis in case citations is added and all internal citations omitted.

[2] Defendants cite Fifth Circuit law (*see* D.Br. 7, n.2, 8-9) and ask the Court to impose the Fifth Circuit's standard for adequacy, which this Court has squarely refused to adopt. *See, e.g., In re Theragenics Corp. Sec. Litig.*, 205 F.R.D. 687, 796 (N.D. Ga. 2002) (Thrash, J.) (rejecting arguments to follow Fifth Circuit's adequacy standard

argue that Plaintiff's counsel is unqualified or that Plaintiff has antagonistic interests to the Class. Moreover, Plaintiff's representative and Chair, Emilie Smith, testified extensively regarding the specific facts of this case and her involvement in supervising counsel. *See* Ex. A (Excerpts from the Deposition Transcript of Emilie Smith) at 17:9-11, 133:13-19 (regular correspondence with counsel); *id.* at 20:2-3, 20:9-16, 124:1-8, 126:5-13 (reviewed pleadings and major filings before authorizing filing); *id.* at 120:1-122:3, 123:3-9, 128:16-20; 144:14-20 (knowledge of Plaintiff's role, Plaintiff's claims, Plaintiff's loss, the Class Period, the corrective disclosures, and alleged false and misleading statements); *see also* ECF No. 68-4 (Plaintiff declaration attesting to its continuing engagement in the litigation).[3] Sunrise thus easily satisfies the standard for adequacy. *See, e.g.*, *Kirkpatrick*, 827 F.2d at 728 ("[I]n securities cases such as these, where the class is represented by competent and

---

and holding that "the alleged deficiencies . . . are irrelevant in a fraud on the market case such as this which is prosecuted by able and experienced counsel."); *see also In re Wells Real Estate Inv. Tr., Inc. Sec. Litig.* ("*Wells*"), 2009 WL 10688777, at *5 (N.D. Ga. Sept. 16, 2009) (declining to follow Fifth Circuit adequacy standard). *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 148-49 (N.D. Tex. 2014) (D.Br. 8) is also factually inapposite. There, unlike here, the plaintiff had "virtually no knowledge about the case." *Id.* at 147.

[3] *See Netbank*, 259 F.R.D. at 666 (plaintiff adequate where they "regularly consulted with the class counsel, participated in strategy discussions, reviewed pleadings and orders throughout the case  . . . [and was] committed to devoting the time and effort necessary to prosecute the litigation.").

2

zealous counsel, class certification should not be denied simply because of a perceived lack of subjective interest on the part of the named plaintiffs unless their participation is so minimal that they virtually have abdicated to their attorneys the conduct of the case."); *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, 2014 WL 7366255, at *7-8 (S.D. Fla. Dec. 24, 2014) ("[T]he threshold of knowledge required to qualify a class representative is low."); *Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572, 578-79 (M.D. Fla. 2006) (finding adequacy where plaintiff "understands what the case is about" and "his responsibility," and "has participated and is willing to continue to participate."). Defendants' arguments in response fail.

First, Defendants baselessly argue that Plaintiff is inadequate because it learned of its claims through its monitoring counsel. D.Br. 7. However, retaining monitoring counsel ensures that Plaintiff satisfies its fiduciary duties to recoup monetary losses and is common among institutional investors. *See* Ex. A at 140:2-6 ("It is [monitoring counsel's] job and it is our responsibility as fiduciary of the Plan to ensure that we don't suffer losses as a result of . . . false and misleading information."). As a result, "courts routinely appoint institutional investors with monitoring agreements as lead plaintiffs and class representatives." *See, e.g.*, *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 2013 WL 4778157, at *2

(S.D.N.Y. Sept. 6, 2013) (collecting cases).[4] And contrary to Defendants' claim, Plaintiff is not inadequate because it learned of its claims or the disclosures of misconduct after the fact or through counsel, rather than at the time they were made—that is exactly why Plaintiff retains monitoring counsel. D.Br. 8; *see Burges v. Bancorpsouth, Inc.*, 2017 WL 2772122, at *5 (M.D. Tenn. June 26, 2017) (plaintiff adequate where monitoring counsel brought case to plaintiff's attention).

Second, Defendants falsely state that Plaintiff "conce[eds] that it neither provides direction to, nor has any control over, its counsel in conducting this case." D.Br. 8. Plaintiff merely testified that it relies on counsel to prosecute this action. Ex. A at 134:24-135:1. Defendants also ignore Plaintiff's testimony regarding its "relationship with Bernstein Litowitz, [Sunrise] is actually the client and so we actually supervise everything that they do. So I wanted to just make clear that we have agreed with everything that they are doing and we're actually reviewing everything and working with them in concert." *Id.* at 161:7-14.

## B.    Arguments Regarding "Unique Defenses" Are Meritless

In arguing that Plaintiff is subject to "unique defenses," Defendants ignore

---

[4] *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246 (11th Cir. 2003) (D. Br. 9) does not change this result. There, the court was specifically troubled by "significant" and "very close" "personal and professional ties" between the proposed representative and his counsel – circumstances that Defendants do not argue exist here.

4

binding Supreme Court and Eleventh Circuit precedent. First, Defendants wrongly contend that Plaintiff is not entitled to a presumption of reliance under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), because Brown Advisory LLC ("Brown"), which purchased FleetCor's shares on Sunrise's behalf, did not "believe that the market price for the purchased FleetCor stock had accounted for all publicly available information." D.Br. 10-14. The Supreme Court rejected this exact argument in *Halliburton Co. v. Erica P. John Fund, Inc*, 573 U.S. 258, 273-74 (2014) ("[T]he value investor does not believe that the market price accurately reflects public information at the time he transacts. . . But to indirectly rely on a misstatement in the sense relevant for the *Basic* presumption, he need only trade stock based on the belief that the market price will incorporate public information within a reasonable period."); *see also Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1260-61 (11th Cir. 2014) ("[e]ven sophisticated investment advisors . . . rely on the integrity of the market").[5] Brown "believed that, within a reasonable time period, the market price would reflect publicly available information." *See* Exs. B-C (Declarations of Eric Gordon and Kevin O'Keefe). In

---

[5] *See also Wilson v. LSB Indus., Inc.*, 2018 WL 3913115 (S.D.N.Y. Aug. 13, 2018) ("[E]ven a value investor seeking to profit from buying 'undervalued' stocks . . . implicitly relies on the fact that a stock's market price will eventually reflect material information.").

any event, "[t]he alleged conduct of Defendants, rather than the subjective investments strategy of individual Plaintiffs, is determinative for . . . typicality."[6] *Underwood v. Lampert*, 2005 WL 8155010, at *3 (S.D. Fla. Sept. 9, 2005); *see also In re T2 Med., Inc. S'holder Litig.*, 1993 WL 594003, at *5 (N.D. Ga. Nov. 16, 1993) ("[A]n individual investment strategy does not necessitate a finding that the investor did not rely on the integrity of the market").

Second, Defendants wrongly claim that Brown's conversations with FleetCor management render Plaintiff atypical. D.Br. 13-14. However, Brown simply received the same information available to all other public investors. *See* Exs. B-C; *see also City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *7 (S.D.N.Y. Jan. 30, 2019) (collecting cases). Brown's communications with FleetCor were "the type many investors commonly have with public company management and investor relations personnel," Exs. B and C, and

---

[6] Because Defendants do not argue that Brown had access to material non-public information or that they had already accepted the risks of Defendants' fraud before the corrective disclosures, Defendants' cited cases (D.Br. 11) are inapposite. *See Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *7 (S.D.N.Y. June 13, 2018) (stating that the "limited circumstances" in which atypicality may be found "tend to involve cases where a putative class representative relied on information unavailable to the public"); *In re Vivendi Universal, S.A. Sec. Litig.*, 183 F. Supp. 3d 458, 466-67 (S.D.N.Y. 2016) (finding that investors accepted purportedly undisclosed liquidity risks before any disclosure of liquidity concerns).

do not render Plaintiff atypical. *See In re Petrobras Sec. Litig.*, 312 F.R.D. 354, 360-61 (S.D.N.Y. 2016) ("Likewise, the interactions with Petrobras that defendants point to – communications with the company's investment relations team and operating personnel and a brief meeting with the Petrobras CEO. . . . are typical of the relationships between large institutional investors and companies like Petrobras. In a class so heavily populated by institutional investors, these sorts of interactions do not mean that [plaintiff] is subject to atypical defenses.").[7]

Third, Defendants incorrectly argue that Plaintiff is atypical because Brown continued buying FleetCor stock after the corrective disclosures. D.Br. 12. However, post-corrective disclosure purchases of stock do not defeat typicality. *Regions*, 762 F.3d at 1260 (finding that "[r]eliance on the integrity of the market prior to disclosure of the alleged fraud (*i.e.* during the class period) is unlikely to be defeated by postdisclosure reliance on the integrity of the market . . . This is particularly true where, as here, the post-period purchases are made after the stock price has been corrected by the market's assimilation of the new information"). Indeed, the Brown

---

[7] The overwhelming weight of caselaw holds that such communications are irrelevant where no material non-public information is exchanged. *See, e.g.*, *Macquarie*, 2019 WL 364570, at *7; *Howard v. Liquidity Servs. Inc.*, 322 F.R.D. 103 (D.D.C. 2017); *Beaver Cty. Emps.' Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 4098741, at *5 & n.3 (D. Minn. July 28, 2016); *Petrobras*, 312 F.R.D. at 360-61.

document Defendants attach (Rezek Ex. F) demonstrates that Defendants continued

to mislead public investors ████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████ But as Clarke was forced to admit just weeks later, he was

referring to <u>revenue</u> retention, rather than customer retention. ECF No. 27 ¶124.

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████ Unbeknownst to public investors, during the Class Period, FleetCor

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████ In the absence of Plaintiff's

knowledge of this or other key information, Defendants' typicality arguments fail.

## II.    PLAINTIFF HAS PROVEN PREDOMINANCE

Defendants wrongly contend that Plaintiff failed to articulate a methodology

for measuring damages that is "consistent with its theory of liability" and has thus failed to satisfy the requirements set forth in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). D.Br. 15. *Comcast* does not alter Eleventh Circuit law, which holds that a damages model is not required at class certification, *see Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1238 (11th Cir. 2016), and that "individual damages calculations do not preclude class certification," *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 988 (11th Cir. 2016). *Comcast* "simply requires a plaintiff to show a linkage between its theory of liability and theory of damages." *Cromeans v. Morgan Keegan & Co.*, 303 F.R.D. 543, 559 (W.D. Mo. 2014).[8]

Plaintiff's expert, Chad Coffman, opined that damages here—as in virtually all Section 10(b) actions – are subject to the "out-of-pocket" methodology pursuant to a common formula that pertains to all class members. ECF No. 68-3 ¶¶76-77. Courts have universally approved this methodology and rejected *Comcast*-based attacks in securities class actions where, as here, plaintiffs propose an event study

---

[8] *Comcast* is an antitrust case in which plaintiffs failed to adjust their damages model to exclude certain dismissed theories and, thus, did not even <u>attempt</u> to show consistency with their liability theory. Courts widely recognize that *Comcast* is largely irrelevant in the securities fraud class actions. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 374 (3d Cir. 2015) ( "the [*Comcast*] predominance analysis was specific to the antitrust claim at issue"); *In re Heckmann Corp. Sec. Litig.,* 2013 WL 2456104, at *14 (D. Del. June 6, 2013) (*Comcast* "was not in regard to a securities fraud litigation, which have generally been certified for class status.").

methodology to measure out-of-pocket damages.[9] *See* Ex. F; *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 4006661, at \*16 (S.D. Fla. Mar. 16, 2016) (Mr. Coffman's out-of-pocket damages methodology satisfied *Comcast*).[10]

Defendants contend that Mr. Coffman's methodology does not satisfy *Comcast* because it purportedly fails to disentangle the impact of old or non-fraud information released on the same day as the corrective disclosures. D.Br. 20-21.[11] These arguments concerns the same issue – namely, how Plaintiff will ultimately prove loss causation at a later stage. But the Supreme Court and numerous courts have squarely found that loss causation, a classwide merits question, is irrelevant at

---

[9] Defendants' reliance on *In re BP p.l.c. Securities Litigation*, 2013 WL 6388408 (S.D. Tex. Dec. 6, 2013) is misplaced. That case involved two different damage theories for before and after BP's oil spill. The *BP* court eventually certified the post-spill class based on an event study and an out-of-pocket damages methodology. *See In re BP p.l.c. Sec. Litig.*, 2014 WL 2112823, at \*13-14 (S.D. Tex. May 20, 2014), *aff'd sub nom. Ludlow v. BP, p.l.c.*, 800 F.3d 674 (5th Cir. 2015). Defendants' other authority is distinguishable. *See, e.g.*, *Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co.*, 301 F.R.D. 116, 142 (S.D.N.Y. 2014) (involving "complex asset-backed securities" that traded in an illiquid market); *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 2018 WL 3861840, at \*19 (N.D. Ohio Aug. 14, 2018) (plaintiffs' expert had not determined how to calculate damages).

[10] *See also Baker v. Seaworld Entm't, Inc.*, 2017 WL 5885542, at \*14 (S.D. Cal. Nov. 29, 2017); *Howard*, 322 F.R.D. at 140.

[11] In this respect, Defendants rely on motion to dismiss and summary judgment decisions, demonstrating how improper it would be for this Court to decide common issues of loss causation at this stage. *See Meyer v. Greene*, 710 F.3d 1189, 1199 (11th Cir. 2013) (D.Br. 22); *Gross v.GFI Grp., Inc.*, 310 F. Supp. 3d 384 (S.D.N.Y. 2018) (D.Br. 24).

this stage.[12] *See Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 812 (2011) ("The Court of Appeals erred by requiring [the plaintiff] to show loss causation as a condition of obtaining class certification"); *see also Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 475 (2013) (same); *Tile Shop Holdings, Inc.*, 2016 WL 4098741, at *11-12 ("Concerns over disentangling loss specific to a corrective disclosure from other non-actionable announcements does not defeat predominance . . . Plaintiffs are not required to prove loss causation," a merits issue, "at this stage."); *Thorpe*, 2016 WL 4006661, at *16; *Sanchez-Knutson v. Ford Motor Co.*, 310 F.R.D. 529, 539 (S.D. Fla. 2015) (certifying class and rejecting argument that plaintiffs' expert had to perform a full loss causation and damages analysis).[13]

## III.    CONCLUSION

Plaintiff respectfully requests that the Court grant its Motion.

---

[12] In any event, Mr. Coffman's methodology is flexible enough to accommodate all potential loss causation issues raised by Defendants. Ex. G at 9-18.

[13] *See also City of Cape Coral Mun. Firefighters Ret. Plan v. Emergent Biosolutions, Inc., HQ*, 322 F. Supp. 3d 676 (D. Md. 2018) (certifying class and rejecting argument by Dr. Stulz that *Comcast* requires plaintiffs to specify a damages methodology that controls for non-fraud stock price movement).

Dated: May 6, 2019                    Respectfully submitted,

/s/ *Katherine M. Sinderson*
Katherine M. Sinderson (admitted *pro hac vice*)
Scott R. Foglietta (admitted *pro hac vice*)
Julia K. Tebor (admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554 1400
Fax: (212) 554 1444
KatieM@blbglaw.com
Scott.Foglietta@blbglaw.com
Julia.Tebor@blbglaw.com

*Lead Counsel for Lead Plaintiff City of Sunrise
General Employees' Retirement Plan and Lead
Counsel for the Class*

H. Lamar Mixson
Georgia Bar No. 514012
Amanda Kay Seals
Georgia Bar No. 502720
**BONDURANT MIXSON &
 ELMORE, LLP**
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Tel: (404) 881-4100
Fax: (404) 881-4111
mixson@bmelaw.com
seals@bmelaw.com

*Liaison Counsel for Lead Plaintiff City of
Sunrise General Employees' Retirement Plan*

Stuart Kaufman (admitted *pro hac vice*)

12

**KLAUSNER, KAUFMAN, JENSEN AND LEVINSON**
7080 NW 4th Street
Plantation, Florida 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
stu@robertdklausner.com

*Additional Counsel for Lead Plaintiff City of Sunrise General Employees' Retirement Plan*

13

# **RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2019, I electronically filed the foregoing REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVE AND APPOINTMENT OF CLASS COUNSEL with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Michael R. Smith

B. Warren Pope

Bethany Marie Rezek

Brian Barnes

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson