**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CITY OF SUNRISE GENERAL EMPLOYEES' RETIREMENT PLAN, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES, INC., RONALD F. CLARKE, and ERIC R. DEY,<br><br>Defendants. | Civ. A. No. 1:17-cv-02207-LMM<br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF (I) LEAD PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S
<u>MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT .............................................................................................................2

    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF
    THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE
    REQUESTED ATTORNEYS' FEES AND LITIGATION
    EXPENSES...........................................................................................................2

CONCLUSION ..........................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Access Now, Inc. v. Claire Stores, Inc.*,
  2002 WL 1162422 (S.D. Fla. May 7, 2002) ...................................................... 5

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*,
  2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) ........................................................ 6

*In re Arby's Rest. Grp., Inc. Data Sec. Litig.*,
  2019 WL 2720818 (N.D. Ga. June 6, 2019) ................................................. 5, 7

*In re AT&T Corp. Sec. Litig.*,
  2005 WL 6716404 (D.N.J. Apr. 25, 2005) ........................................................ 6

*Bennett v. Behring Corp.*,
  737 F.2d 982 (11th Cir. 1984) ........................................................................... 5

*In re Bisys Sec. Litig.*,
  2007 WL 2049726 (S.D.N.Y. July 16, 2007) .................................................... 8

*Camden I Condo. Ass'n, Inc. v. Dunkle*,
  946 F.2d 768 (11th Cir. 1991) ........................................................................... 7

*In re Citigroup Inc. Sec. Litig.*,
  965 F. Supp. 2d 369 (S.D.N.Y. 2013) ............................................................... 5

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*,
  2012 WL 12540344 (N.D. Ga. Oct. 26, 2012) .................................................. 7

*Cotton v. Hinton*,
  559 F.2d 1326 (5th Cir. 1977) ........................................................................... 5

*In re Food Serv. Equip. Hardware Antitrust Litig.*,
  2011 WL 13175440 (N.D. Ga. Dec. 28, 2011) ................................................. 7

*In re Lucent Techs., Inc., Sec. Litig.*,
  307 F. Supp. 2d 633 (D.N.J. 2004) .................................................................... 6

*In re NetBank, Inc. Sec. Litig.*,
   2011 WL 13176646 (N.D. Ga. Nov. 9, 2011) ....................................................... 5

*Pinto v. Princess Cruises Lines, Ltd.*,
   513 F. Supp. 2d 1334 (S.D. Fla. 2007) ............................................................... 7

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) .............................................................................. 7

*In re Veeco Instruments Inc. Sec. Litig.*,
   2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ....................................................... 6

Lead Plaintiff City of Sunrise General Employees' Retirement Plan ("Lead Plaintiff"), on behalf of itself and the Class, and Lead Counsel respectfully submit this memorandum of law in further support of (i) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation, and (ii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.[1]

## PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $50,000,000.  As detailed in Lead Plaintiff's and Lead Counsel's opening papers (ECF Nos. 98-100), the Settlement is the product of hard-fought litigation and extended arm's-length settlement negotiations.  The Settlement represents an excellent result for the Class in comparison to the recovery that could be reasonably be expected to be obtained through trial, the substantial challenges that Lead Plaintiff would have faced in proving liability and establishing loss causation and damages, and the costs and delays of continued litigation.

---

[1] Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 6, 2019 (ECF No. 96-2) (the  "Stipulation") or in the Declaration of Katherine M. Sinderson in Support of (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (ECF No. 100).

Pursuant to the Court's December 12, 2019 Order Preliminarily Settlement and Providing for Notice (the "Preliminary Approval Order"), the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including mailing the Notice to over 80,000 potential Class Members and nominees. In response to this notice program, ***no Class Member has objected*** to the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and expenses. In particular, although institutional investors held the majority of FleetCor common stock during the Class Period, no institutional investor has objected to the Settlement or fee request. Further, only three requests for exclusion from the Class have been received. As explained below, this reaction of the Class further demonstrates that the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and litigation expenses are fair and reasonable, and should be approved.

## ARGUMENT

**THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES**

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrate that approval of the motions is warranted. Now that the time for objecting or requesting exclusion from the Class has passed, the

2

overwhelmingly positive reaction by the Class provides additional support for approval of the motions.

Pursuant to the Court's Preliminary Approval Order, 80,610 copies of the Notice and Claim Form have been mailed to potential Class Members and their nominees. *See* Supplemental Declaration of Alexander Villanova Regarding (A) Mailing of Notice and Claim Form and (B) Report on Requests for Exclusion Received ("Supp. Villanova Decl."), filed herewith, at ¶ 3. The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $450,000. *See* Notice ¶¶ 5, 75. The Notice also apprised Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, their right to exclude themselves from the Class, and the March 24, 2020 deadline for filing objections and for receipt of requests for exclusion. *See* Notice at p. 2 and ¶¶ 76-86.[2] Following the Court's March 24, 2020 order that the final Settlement Hearing

---

[2] As discussed in the Supplemental Villanova Declaration, Epiq's computer systems have returned to normal operations following a temporary disruption caused by a February 29, 2020 cyber incident. *See* Supp. Villanova Decl. ¶ 2. Epiq has concluded that, to the best of its knowledge, no client data, including data related to this Settlement, was accessed as a result of the cyber incident. *Id.*

3

be conducted telephonically, the Settlement website and Lead Counsel's website have been updated with information about how to participate in the telephonic hearing. *See* Supp. Villanova Decl. ¶ 4.

As noted above, following this notice program, not a single Class Member objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for fees and expenses. In addition, Lead Counsel received only three requests for exclusion – and it is unclear based on those requests whether the individuals requesting exclusion are even members of the Class.[3] *See* Supp. Villanova Decl. ¶ 5. In any event, these requests for exclusion represent less than 0.004% of the total number of Notices mailed to potential Class Members.

The reaction of class members to a proposed settlement, including the number of objections, is a significant factor to be considered in judging the fairness

---

[3] The request from the Biniasz Family Trust states that the number of shares of FleetCor common stock are unknown and does not indicate if the Trust purchased its shares during the Class Period. *See* Supp. Villanova Decl. Ex. 2. The request from Susan Pugatchenko does not provide any information on her trading in FleetCor common stock. *See id.* Ex. 4. The request from Lynda Nelson provides documentation on the purchase and subsequent sale of 54 shares of FleetCor common stock during the Class Period. *See id.* Ex. 3. These shares were not held over an alleged corrective disclosure and were sold for a gain. *See id.* Therefore Ms. Nelson would not be a Class Member because the Class is limited to persons who were "damaged" by their Class Period purchases of FleetCor common stock. *See* Stipulation ¶ 1(h). While not all of the requests for exclusion satisfied all the requirements set forth in the Notice, Lead Plaintiff and Lead Counsel request that Court nonetheless grant these individuals' requests and exclude them from the Class.

and adequacy of a proposed settlement. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

The absence of any objections from Class Members and the small number of requests for exclusion supports a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *In re Arby's Rest. Grp., Inc. Data Sec. Litig.*, 2019 WL 2720818, at *1 (N.D. Ga. June 6, 2019) ("The lack of objection is a strong indicator that . . . the settlement agreement . . . [is] reasonable and fair."); *In re NetBank, Inc. Sec. Litig.*, 2011 WL 13176646, at *5 (N.D. Ga. Nov. 9, 2011) ("The absence of any objection to the settlement here further supports final approval."); *Access Now, Inc. v. Claire Stores, Inc.*, 2002 WL 1162422, at *7 (S.D. Fla. May 7, 2002) ("The fact that no objections have been filed strongly favors approval of the settlement.").

It is significant that no institutional investors – which held the majority of FleetCor's publicly traded common stock during the Class Period – have objected to the Settlement. Institutional investors are often sophisticated, and possess the incentive and ability to object. The absence of objections by these sophisticated class members is further evidence of the fairness of the Settlement. *See In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (the reaction of the class supported the settlement where "not a single objection was received

5

from any of the institutional investors that hold the majority of Citigroup stock"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The lack of objections from Class Members also supports approval of the Plan of Allocation. *See, e.g.*, *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) (finding that the "favorable reaction of the Class supports approval of the proposed Plan of Allocation" where there were no objections).

Finally, the positive reaction of the Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Eleventh Circuit has held that "whether there are any substantial objections by class members or other parties to

6

the settlement terms or the fees requested by counsel" is a factor that should be considered in determining the award of attorneys' fees. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991). The lack of any objections is important evidence that the requested fee award and expense reimbursements are fair and reasonable. *See Arby's*, 2019 WL 2720818, at *1 ("The lack of objection is a strong indicator that both the settlement agreement and the Application [for attorneys' fees and expenses] are reasonable and fair."); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2012 WL 12540344, at *7 (N.D. Ga. Oct. 26, 2012) ("the absence of any objection by class members" supported the requested "award of attorney fees equal to one-third of the settlement fund"); *In re Food Serv. Equip. Hardware Antitrust Litig.*, 2011 WL 13175440, at *4 (N.D. Ga. Dec. 28, 2011) ("The lack of objections to the attorneys' fee and expense award is evidence that the requested fee is fair."); *Pinto v. Princess Cruises Lines, Ltd.*, 513 F. Supp. 2d 1334, 1343 (S.D. Fla. 2007) ("That this sizeable class did not give rise to a single objection on the fees request further justifies the full award.").

The lack of objections by institutional investors particularly supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to

object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

## CONCLUSION

For the foregoing reasons and the reasons set forth in Lead Plaintiff's and Lead Counsel's opening papers, they respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and litigation expenses. Copies of the (i) proposed Judgment, (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are attached hereto as Exhibits 1, 2, and 3.

Dated: April 7, 2020

Respectfully submitted,

/s/ *Katherine M. Sinderson*
Salvatore J. Graziano (admitted *pro hac vice*)
Katherine M. Sinderson (admitted *pro hac vice*)
Scott R. Foglietta (admitted *pro hac vice*)
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554 1400
Fax: (212) 554 1444
Salvatore@blbglaw.com
Katiem@blbglaw.com
Scott.Foglietta@blbglaw.com

*Counsel for Lead Plaintiff City of Sunrise General Employees' Retirement Plan and Lead Counsel for the Class*

H. Lamar Mixson
Georgia Bar No. 514012
Amanda Kay Seals
Georgia Bar No. 502720
**BONDURANT MIXSON &**
  **ELMORE, LLP**
1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Tel: (404) 881-4100
Fax: (404) 881-4111
mixson@bmelaw.com
seals@bmelaw.com

*Liaison Counsel for Lead Plaintiff City of Sunrise General Employees' Retirement Plan*

9

Stuart Kaufman (admitted *pro hac vice*)
**KLAUSNER, KAUFMAN, JENSEN AND LEVINSON**
7080 NW 4th Street
Plantation, Florida 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
stu@robertdklausner.com

*Additional Counsel for Lead Plaintiff City of Sunrise General Employees' Retirement Plan*

## RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that this document has been prepared with 14 point Times New Roman, one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2020, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to all attorneys of record.

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson
